**OUR COMPANY, INC., Plaintiff,**

v.

**EAGLE SNACKS, INC., Defendant.**

**Civ. No. 93–08–P–C.**

United States District Court, D. Maine.

Feb. 2, 1993.

Andrew W. Sparks, James B. Barns, Drummond & Drummond, Portland, ME, for plaintiff.

Jeffrey M. White, Christopher P. Stief, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, ME, Peter E. Moll, Eberhard W. Pfaller, Jr., Howrey & Simon, Washington, DC, for defendant.

## MEMORANDUM OF DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

GENE CARTER, Chief Judge.

This matter is before the Court for action on Plaintiff's Motion for Temporary Restraining Order (Docket No. 2), filed on January 8, 1993, the date of commencement of the action. The Court declined to act *ex parte* on the motion and required service of the motion on Defendant and provision of an opportunity for Defendant to file a written response to the motion. Such filings have now been completed, including reply by Plaintiff to Defendant's response to the motion. The Court has now carefully reviewed all of the written submissions on the motion (Docket Nos. 3–20) and concludes that the motion must be denied for failure of Plaintiff to make any showing of irreparable injury.

The controversy, for which Plaintiff seeks damages from Defendant in the Complaint herein, arises out of Defendant's termination, apparently on January 4, 1992, of a Distributorship Agreement between Plaintiff and Defendant pursuant to which Plaintiff acted as a distributor of Defendant's snack foods products. Another lawsuit between the parties, brought by Defendant as plaintiff against Plaintiff herein and arising out of the same factual matrix, is pending in this Court. *Eagle Snacks, Inc. v. Our Company, Inc.*, Civ. No. 93–2–P–C.

The central issue in this case is whether Defendant here illegally or wrongfully terminated the Distributorship Agreement. Plaintiff alleges, *inter alia*, without any persuasive showing to that effect, that if the termination subjects Defendant to liability for wrongful acts, some of the damages consequences of the termination caused to Plaintiff are of an irreparable character.

■ In order to establish an entitlement to prejudgment injunctive relief, it is necessary to show, *inter alia*, irreparable injury. *Federal Deposit Insurance Corp. v. S. Prawer & Co.*, Civ. No. 92–379–P–C, slip op. at 2, 1992 WL 390689 (D.Me. Nov. 5, 1992); *UV Industries, Inc. v. Posner*, 466 F.Supp. 1251 (D.Me.1979) (Gignoux, J.); *see also Women's Community Health Center, Inc. v. Cohen*, 477 F.Supp. 542, 544 (D.Me. 1979) (Gignoux, J.); *Stanton v. Brunswick School Department*, 577 F.Supp. 1560 (D.Me.1984) (Carter, J.); *Sheck v. Baileyville School Committee*, 530 F.Supp. 679 (D.Me.1982) (Cyr, J).

■ The Court's careful review of the written submissions herein leads the Court to the conclusion that there is no showing of irreparable injury in this case. Where a party seeking prejudgment injunctive relief asserts claims that, in essence, are capable of being addressed by an award of monetary damages, it cannot be said that there is irreparable injury unless it is shown that there is some unique category of loss not capable of being addressed on existing legal theories by an award of damages. If money damages are adequate for the threatened loss, there is no irreparable harm to the plaintiff. Here, it is apparent from the facts alleged in the Complaint, and set forth in support of the motion, that if the events that give rise to the claim for injunctive relief have, in fact, occurred, significant violations of the civil law are taking place which may well be subject to redress by claims for money damages for breach of contract or on various theories of tort liability including interference with existing contract relationships with others. *MacKerron v. Madura*, 445 A.2d 680 (Me. 1982). It is apparent to the Court that such claims are capable of being adequately responded to by an award of money damages if such award is justified. No showing is made that those who may be subject to responding to such claims are

without the assets or financial resources necessary to respond to those claims when they are ultimately adjudicated. There is no showing that any loss sustained as a result of the termination of the Distributorship Agreement is of some unique character or nature that would disqualify it from being the subject of an assessment of legal damages. The mere fact that damages may be difficult or unlikely to be recovered if awarded, or that damages may be difficult to determine in amount, is not sufficient to establish irreparable injury.

Plaintiff having failed to make any showing of irreparable injury, it is hereby ORDERED that the Motion for Temporary Restraining Order be, and it is hereby, DENIED. To the extent that Plaintiff's Motion for Expedited Hearing (Docket No. 3) may be interpreted to request a hearing on the Motion for Temporary Restraining Order as distinguished from the request for preliminary injunctive relief, it is FURTHER ORDERED that the motion be, and it is hereby, DENIED.

It is FURTHER ORDERED that the Clerk shall schedule a conference of the Court and counsel herein at the first opportunity permitted by the Court's calendar.